Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | **Case No. 2:12-cv-01663-JAM-JFM** |
| Plaintiff, | Judge: Hon. John F. Moulds |
| v. | Date: January 31st, 2013 |
| | Time: 11:00 AM |
| JOSEPH SKODA, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S ANSWER** |
| Defendant. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 31st, 2013 at 11:00 AM, or as soon thereafter as the matter may be heard, the undersigned shall appear before the Hon. Judge John F. Moulds, in Courtroom 26, 8th Floor, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, and shall then and there present a Motion to Strike Defendant's Answer.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

Plaintiff respectfully requests that the Court strike Defendant Joseph Skoda's Answer as untimely filed and procedurally defective. Defendant filed his Answer well beyond the deadline set forth in the Federal Rules. In addition, Defendant filed his Answer after default had already been entered against him. As a result, his Answer should be stricken.

**FACTUAL BACKGROUND**

On September 24, 2012, Plaintiff amended its complaint to name Joseph Skoda as the Defendant in this action. (ECF No. 11.) Defendant was served with the Summons and Amended Complaint on September 25, 2012. (ECF No. 14-2.) Because Defendant did not file an Answer or otherwise respond to Plaintiff's Amended Complaint, Plaintiff requested the clerk enter default against Defendant. (ECF No. 14.) The Clerk entered default on November 14, 2012. (ECF No. 15.) Plaintiff filed its Motion for Default Judgment against the Defendant on November 15, 2012. (ECF No. 16.) Defendant Joseph Skoda filed his Answer 73 days after being served with the Summons and Amended Complaint, and after default had already been entered against him. (ECF No. 17.)

**LEGAL AUTHORITY**

The Federal Rules require that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). The Federal Rules further require leave of the Court to file a late Answer and that a Defendant filing a late answer must make a showing of excusable neglect. Fed. R. Civ. P. 6(b). Federal Rule 55(c) governs the setting aside of the entry of default, establishing that "the court may set aside entry of default for good cause." Fed. R. Civ. P. 55(c).

**ARGUMENT**

Defendant filed his Answer 73 days after being served with the Summons and Amended Complaint. (ECF Nos. 14-2, 17.) This is far in excess of the 21 day requirement set forth under Federal Rules. Fed. R. Civ. P. 12(a)(1)(A). Further, Defendant did not seek leave from the Court to file a late Answer or even attempt to make a showing of excusable negligent for his filing pursuant to Federal Rule of Civil Procedure 6. (*See generally* ECF No. 17.) Only after Plaintiff spent great

time and expense seeking entry of default and moving for default judgment, did Defendant file his three-paragraph Answer. (*Id.*) Plaintiff will be greatly prejudiced by any further delay. Though the Federal Rules of Civil Procedure provide for the setting aside of the entry of default where good cause is shown, Defendant has not even attempted to demonstrate that he had good cause for the entry of default to be set aside, and is not permitted to file an Answer until such time as the entry of default has been set aside. (*See generally* ECF No. 17; FRCP 55(c).) As a result, the Court should strike Defendant's Answer as untimely filed in violation of Rules 6 and 12 of the Federal Rules of Civil Procedure, and for Defendant's failure to establish (or even *attempt* to establish) good cause for setting aside the entry of default under Federal Rule of Civil Procedure 55(c).

## CONCLUSION

For the foregoing reasons, the Court should strike Defendant's Answer.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: December 19, 2012**

By: _____/s/ Brett L. Gibbs_____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system. In addition, Defendant was served by U.S. mail postage prepaid consistent with the Federal Rules of Civil Procedure at the following last known residential address:

> Joseph Skoda
> 361 Mayfield Circle
> Suisun City, CA 94585

**DATED: December 19, 2012**           By:           /s/  Brett L. Gibbs, Esq.