1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    A.F. HOLDINGS LLC,

10            Plaintiff,                    No.  2:  12-cv-1663 JAM JFM

11        vs.

12   JOSEPH SKODA,

13            Defendant.              <u>FINDINGS AND RECOMMENDATIONS</u>

14   _____/

15           Plaintiff brought this action initially against a John Doe for copyright

16   infringement for allegedly illegally downloading and distributing a copyrighted motion picture.

17   Plaintiff eventually discovered the name of a defendant through issuing a subpoena to the

18   internet service provider who provided service to defendant's IP address.

19           Plaintiff filed an amended complaint on September 24, 2012.  On September 25,

20   2012, a summons was issued for defendant.  Defendant was personally served with the summons

21   and amended complaint on September 25, 2012.  The summons explained to defendant that he

22   had twenty-one days to answer the complaint and that any answer served on the parties must be

23   filed with the Clerk of this Court within a reasonable period of time after service.

24           On November 13, 2012, after defendant had not filed an answer to the amended

25   complaint, plaintiff requested entry of default.  Default was entered by the Clerk on November

26   14, 2012.

1    On November 15, 2012, plaintiff filed a motion for default judgment.  However,

2  plaintiff's motion for default judgment failed to include a notice of the motion.  Thus, it was

3  never put on the undersigned's law and motion calendar.

4    Defendant subsequently filed an answer on December 7, 2012.  On December 19,

5  2012, plaintiff filed a motion to strike the answer.  Plaintiff asserts that the answer should be

6  struck because it is untimely.  Plaintiff states that defendant filed his answer seventy-three days

7  after being served with the summons and amended complaint which was well beyond twenty-one

8  days.  Furthermore, plaintiff argues that default has already been entered in this case and

9  defendant has not attempted to set aside the default for good cause.

10    Defendant filed a response to plaintiff's motion to strike the answer on January

11  25, 2013.  Defendant asserts in his response to the motion to strike the answer that his failure to

12  answer within twenty-one days should be excused.  He states that he did not neglect to serve an

13  answer on plaintiff's counsel.  He claims that he emailed a signed copy of the answer on

14  plaintiff's counsel on October 15, 2012, which was within the twenty-one day period to do so.

15  He admits that his answer was filed late with the Clerk, but argues that he was confused as to the

16  proper procedure as the summons only indicated that he had to file an answer served on the

17  parties with the Clerk within "a reasonable period of time after service."

18    Plaintiff's motion to strike the answer was argued on January 31, 2013.  Both

19  parties appeared at the hearing.  During the hearing, defendant presented evidence in the form of

20  computer screen shots as well as a purported email with attachment addressed to plaintiff's

21  counsel that was purportedly emailed to plaintiff on October 15, 2012.  Plaintiff indicated during

22  oral argument that it did not recall receiving such an email from defendant.  While plaintiff's

23  submissions do not conclusively prove that he in fact properly served plaintiff within an answer

24  within twenty-one days as required by Federal Rule of Civil Procedure 12(a)(1)(A), they at least

25  indicate that defendant made an attempt to comply with the summons and the Federal Rules of

26  Civil Procedure.  Subsequently, it should be noted, plaintiff filed an answer with the Clerk on

2

1    December 7, 2012.  (See Dkt. No. 17.)

2            Nevertheless, as plaintiff correctly notes, default has already been entered by the

3    Clerk in this case.  However, through his opposition to the motion to strike the answer, plaintiff

4    asserts that his answer should be allowed to stand.  Thus, in effect, he is seeking to set aside the

5    default and his arguments in opposition to the motion to strike the answer will be construed as

6    such.[1]

7            Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an

8    entry of default for good cause[.]"  The court's discretion is particularly broad where a party

9    seeks to set aside an entry of default rather than default judgment.  See Mendoza v. Wight

10   Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).  "This is because in the Rule 55 contexts

11   there is no interest in the finality of judgment with which to contend."  United States v. Signed

12   Personal Check No. 730 of Yubran S. Mesle (Mesle), 615 F.3d 1085, 1091 n. 1 (9th Cir. 2010).

13   In determining whether to set aside default, a court must consider three factors:  (1) whether the

14   party seeking to set aside the default engaged in culpable conduct that led to the default; (2)

15   whether it had no meritorious defense; or (3) whether reopening the default would prejudice the

16   party.  See id. at 1091.  "Crucially, however, judgment by default is a drastic step appropriate

17   only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Id.

18

19           [1] While defendant did not formally make a motion to set aside the default, his opposition
     to the motion to strike the answer has similar effect.  Furthermore, as one circuit court has noted:

20              [W]e believe that a district court that has entered a default against
                a party retains the power to act in the interest of justice in an
21              unusual case in which its attention has been directed to the
                necessity of relief by means other than a motion, . . . particularly
22              since Rule 55(c) does not require a motion.  Without deciding
                whether a district court could set aside a default judgment sua
23              sponte, we believe that a district court had the authority to set aside
                sua sponte an entry of default against [party] for good cause.
24

25   Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385-86 (7th Cir.
     2008); see also Investcorp Retirement Specialist, Inc. v. Ohno, Civ. No. 07-1304, 2007 WL
26   2462122, at *2 (N.D. Cal. Aug. 28, 2007) ("The court may set aside entries of default sua
     sponte.").

                                                    3

1  (internal quotation marks and citations omitted).

2          The Ninth Circuit has stated that "[a] showing of lack of culpability sufficient to

3  meet the Rule 55(c) 'good cause' standard [for setting aside default] is ordinarily sufficient to

4  demonstrate as well the 'excusable neglect' or 'mistake' criteria under Rule 60(b)(1)."  TCI

5  Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001).  The Supreme Court has

6  noted that "'excusable neglect' is understood to encompass situations in which the failure to

7  comply with a filing deadline is attributable to negligence."  Pioneer Inv. Servs. Co. v.

8  Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993).  With respect to whether defendant

9  lacks a meritorious defense, defendant need not show that he will prevail, only that there is a

10  bona fide chance that such a result will occur.  See Hritz v. Woma Corp., 732 F.2d 1178, 1181

11  (3d Cir. 1984); Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994).  Finally, with respect to

12  prejudice to the plaintiff, "the setting aside of a judgment must result in greater harm than simply

13  delaying resolution of the case.  Rather, the standard is whether [plaintiff's] ability to pursue his

14  claim will be hindered."  Knoebber, 244 F.3d at 701 (internal quotation marks and citation

15  omitted).

16          The court finds that there is good cause sufficient to set aside the entry of default.

17  It does not appear that defendant purposefully delayed in responding to the complaint or

18  attempted to gain an advantage by not responding.  Rather, the record, while not conclusive,

19  appears to indicate that defendant attempted to comply with the Federal Rules of Civil Procedure

20  by emailing an answer to plaintiff.  Defendant's failure to timely file a copy of his answer with

21  the Clerk appears to be due to a misunderstanding.  It amounts to excusable neglect on

22  defendant's part which is sufficient under Rule 55(c).

23          At this stage of the proceedings, it is unclear whether defendant's denials as set

24  forth in his answer would be meritorious.  However, there is at least a possibility that defendant

25  may prevail.

26          Additionally, while setting aside the default would require plaintiff to prove its

4

1  case, this does not in and of itself amount to prejudice.  Finally, it is worth reiterating the

2  preference to decide cases on the merits.

3      Therefore, in light of the foregoing, the entry of default should be set aside as

4  there is good cause to do so.  Since the entry of default should be set aside, plaintiff's motion for

5  default judgment should be denied.  See, e.g., Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.

6  1986) (noting the two-step process required by Rule 55 to obtain a default judgment which

7  includes entry of default as step one).  Additionally, as previously noted, plaintiff's motion for

8  default judgment failed to comply with Local Rule 230(b) by not being properly noticed.

9  Furthermore, plaintiff's motion to strike the answer should be denied in light of the

10  recommendation that the entry of default should be set aside.

11      Accordingly, IT IS HEREBY RECOMMENDED that:

12      1.  The entry of default (Dkt. No. 15.) be set aside;

13      2.  Plaintiff's motion for default judgment (Dkt. No. 16.) be denied; and

14      3.  Plaintiff's motion to strike the answer (Dkt. No. 18.) be denied.

15  /////

16  /////

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1          These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within fourteen days after service of the objections.  The parties are

7   advised that failure to file objections within the specified time may waive the right to appeal the

8   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: February 4, 2013.

UNITED STATES MAGISTRATE JUDGE

14

afho1663.motstrike